JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Rodney Handy, Jr.

**DEFENDANTS**
City of Philadelphia, et al
One Parkway Building

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Solomon, Sherman & Gabay
8 Penn Center - 1628 J.F.K. Blvd. - Suite 2200
Philadelphia, PA 19103

Attorneys *(If Known)*
Armando Brigandi
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1981,1983 and 42 U.S.C. 1988

Brief description of cause:
Plaintiff alleges Federal Civil Rights violation 42 U.S.C. Section 1981,1983 and 42 U.S.C. 1988

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE 7/12/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Rodney Handy, Jr. 6351 E. Fairston Drive, Philadelphia, PA 19120

Address of Defendant: **City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102**

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)). Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒
*RELATED CASE IF ANY*:

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Armando Brigandi, counsel of record do hereby certify:

☒ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/12/17

**Armando Brigandi, Esquire**
Attorney-at-Law

92208
Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/12/17

**Armando Brigandi, Esquire**
Attorney-at-Law

92208
Attorney I.D. #

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY HANDY, JR**<br>**6351 E. Fairston Drive**<br>**Philadelphia, PA 19120**<br><br>**vs.**<br><br>**LEELONI PALMIERO, individually,**<br>**SGT. BALDOMERO, individually,**<br>**DETECTIVE ROBERT HAGY, individually**<br>**DETECTIVE HORGER, individually**<br>**DETECTIVE SULLIVAN, individually**<br>**DOES 1-10, in their individual capacities**<br>**RICHARD ROSS, in his individual capacity**<br>**CITY OF PHILADELPHIA POLICE DEPARTMENT, and, THE CITY and COUNTY OF PHILADELPHIA**<br>**c/o Law Department**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MAY TERM, 2017**<br><br>**NO: 03175** |

CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

| 7/12/17 | [signature] | Defendants |
|---|---|---|
| Date | **Armando Brigandi, Esq.** | Attorney for |
| **(215) 683-5381** | **(215) 683-5397** | **Armando.Brigandi@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY HANDY, JR**<br>**6351 E. Fairston Drive**<br>**Philadelphia, PA 19120**<br><br>**vs.**<br><br>**LEELONI PALMIERO, individually,**<br>**SGT. BALDOMERO, individually,**<br>**DETECTIVE ROBERT HAGY, individually**<br>**DETECTIVE HORGER, individually**<br>**DETECTIVE SULLIVAN, individually**<br>**DOES 1-10, in their individual capacities**<br>**RICHARD ROSS, in his individual capacity**<br>**CITY OF PHILADELPHIA POLICE DEPARTMENT, and, THE CITY and COUNTY OF PHILADELPHIA**<br>**c/o Law Department**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MAY TERM, 2017**<br><br>**NO: 03175** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Leeloni Palmiero, Sgt. Baldomero, Detective Robert Hagy, Detective Horger, Detective Sullivan, Richard Ross, City of Philadelphia Police Department, and, The City and County of Philadelphia (hereinafter "petitioners") through their counsel, Armando Brigandi, Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. On May 22, 2017, by writ, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, May Term, 2017; No.03175. (Exhibit A - Complaint).

2. On June 30, 2017 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on May 26, 2014 he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, Leeloni Palmiero, Sgt. Baldomero, Detective Robert Hagy, Detective Horger, Detective Sullivan, Richard Ross, City of Philadelphia Police Department, and, The City and County of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Armando Brigandi
Chief Deputy City Solicitor

**Armando Brigandi**
**Chief Deputy  City Solicitor**
**Attorney I.D. No. 92208**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date: 7/12/17

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HANDY, JR<br>6351 E. Fairston Drive<br>Philadelphia, PA 19120<br><br>vs.<br><br>LEELONI PALMIERO, individually,<br>SGT. BALDOMERO, individually,<br>DETECTIVE ROBERT HAGY, individually<br>DETECTIVE HORGER, individually<br>DETECTIVE SULLIVAN, individually<br>DOES 1-10, in their individual capacities<br>RICHARD ROSS, in his individual capacity<br>CITY OF PHILADELPHIA POLICE DEPARTMENT, and, THE CITY and COUNTY OF PHILADELPHIA<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MAY TERM, 2017<br><br>NO: 03175 |

## NOTICE OF FILING OF REMOVAL

TO: Solomon, Sherman & Gabay
8 Penn Center
1628 J.F.K. Blvd. – Suite 2200
Philadelphia, PA 19103

PLEASE TAKE NOTICE THAT on July 10, 2017, defendants, Leeloni Palmiero, Sgt. Baldomero, Detective Robert Hagy, Detective Horger, Detective Sullivan, Richard Ross, City of Philadelphia Police Department, and, The City and County of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**Armando Brigandi**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY HANDY, JR**<br>**6351 E. Fairston Drive**<br>**Philadelphia, PA 19120**<br><br>**vs.**<br><br>**LEELONI PALMIERO, individually,**<br>**SGT. BALDOMERO, individually,**<br>**DETECTIVE ROBERT HAGY, individually**<br>**DETECTIVE HORGER, individually**<br>**DETECTIVE SULLIVAN, individually**<br>**DOES 1-10, in their individual capacities**<br>**RICHARD ROSS, in his individual capacity**<br>**CITY OF PHILADELPHIA POLICE DEPARTMENT, and, THE CITY and COUNTY OF PHILADELPHIA**<br>**c/o Law Department**<br>**1515 Arch Street**<br>**Philadelphia, PA 19102** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**MAY TERM, 2017**<br><br>**NO: 03175** |

-

**CERTIFICATE OF SERVICE**

I, Armando Brigandi, Chief Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO: Solomon, Sherman & Gabay
8 Penn Center
1628 J.F.K. Blvd. – Suite 2200
Philadelphia, PA 19103

**Armando Brigandi**
**Chief Deputy City Solicitor**
**Attorney ID No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114

Date: 7/12/17

Exhibit "A"

**SOLOMON, SHERMAN & GABAY**
**DAVID B. SHERMAN**
**Identification No. 36437**
**8 Penn Center**
**1628 J.F.K. Boulevard, Suite 2200**
**Philadelphia, PA 19103**
**(215) 665-1100**
**Attorney for Plaintiff**

Filed and Attested by the
Office of Judicial Records
... pm

| | | |
|---|---|---|
| RODNEY HANDY, JR.<br>6351 E. Fairston Drive<br>Philadelphia, PA 19120 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | : | MAY TERM, 2017 |
| LEELONI PALMIERO, individually,<br>SGT. BALDOMERO, individually,<br>DETECTIVE ROBERT HAGY, individually,<br>DETECTIVE HORGER, individually,<br>DETECTIVE SULLIVAN, individually,<br>DOES 1-10, in their individual capacities,<br>RICHARD ROSS, in his official capacity,<br>CITY OF PHILADELPHIA POLICE DEPARTMENT, and, THE CITY and COUNTY OF PHILADELPHIA<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | : | NO: 03175 |

## COMPLAINT – CIVIL ACTION

**<u>2O – Other Personal Injury</u>**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plaza al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparensencia escrita o en persona o con un abogada y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASESTENCIA LEGA.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1701

**SOLOMON, SHERMAN & GABAY**
**DAVID B. SHERMAN**
**Identification No. 36437**
**8 Penn Center**
**1628 J.F.K. Boulevard, Suite 2200**
**Philadelphia, PA 19103**
**(215) 665-1100**
**Attorney for Plaintiff**

| | | |
|---|---|---|
| RODNEY HANDY, JR.<br>6351 E. Fairston Drive<br>Philadelphia, PA 19120<br><br>vs.<br><br>LEELONI PALMIERO, individually,<br>SGT. BALDOMERO, individually,<br>DETECTIVE ROBERT HAGY, individually,<br>DETECTIVE HORGER, individually,<br>DETECTIVE SULLIVAN, individually,<br>DOES 1-10, in their individual capacities,<br>RICHARD ROSS, in his official capacity,<br>CITY OF PHILADELPHIA POLICE DEPARTMENT, and, THE CITY and COUNTY OF PHILADELPHIA<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MAY TERM, 2017<br><br>NO: 03175 |

**CIVIL ACTION COMPLAINT**
**20 – Other Personal Injury**

Plaintiff, Rodney Handy, Jr., by and through his attorneys, Solomon, Sherman & Gabay, hereby files his Complaint against Defendants, and requests trial by jury, and, in support thereof, avers as follows:

## I. INTRODUCTION

1. This is an action brought by Rodney Handy, Jr., a African-American, to vindicate, *inter alia,* profound deprivations of his constitutional rights caused by, *inter alia,* race-based

police misconduct, including, without limitation, retaliatory animus directed towards Plaintiff on account of a prior incident and lawsuit involving Defendants.

## II. JURISDICTION AND VENUE

2.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

3.     This case is instituted in the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. §1391 as the judicial district in which all of the relevant events and omissions occurred and in which each of the Defendants maintains offices and/or resides.

## III. PARTIES

4.     At all times relevant hereto, Plaintiff was a resident of the State of Pennsylvania and a citizen of the United States of America.

5.     At all times relevant hereto, Defendant, Leelani Palmiero, was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

6.     Defendant Leeloni Palmiero is not an African-American.

7.     Defendant Leeloni Palmeiro is sued individually.

8.     At all times relevant hereto, Defendant, Sergeant Baldomero, was a citizen of the United States and a resident of the state of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

9. Defendant, Sergeant Baldomero is not an African-American.

10. Defendant, Sergeant Baldomero is sued individually.

11. At all times relevant hereto, Defendant, Detective, Robert Hagy was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

12. Defendant, Detective Robert Hagy is a Caucasian.

13. Defendant, Detective Robert Hagy is sued individually.

14. At all times relevant hereto, Defendant, Detective, Horger, was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

15. Defendant, Detective Horger is a Caucasian.

16. Defendant, Detective Horger is sued individually.

17. At all times relevant hereto, Defendant, Detective, Sullivan, was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

18. Defendant, Detective Sullivan is a Caucasian.

19. Defendant, Detective Sullivan is sued individually.

20. At all times relevant hereto, Defendants Does 1-10 were citizens of the United States and residents of the state of Pennsylvania and were acting under color of state law in their

capacities as law enforcement officers employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

21.    Defendants Does 1-10 are sued in their individual capacities.

22.    Defendant, the City and County of Philadelphia, which are hereinafter collectively referred to as the "Defendant City," is a Pennsylvania municipal corporation and is the legal entity responsible for itself and the Philadelphia Police Department. This Defendant is also the employer of the individual Defendant police officers and is a proper entity to be sued under 42 U.S.C. § 1983 and other applicable law.

23.    At all times relevant hereto, Defendant, Richard A. Ross ("Ross), was a citizen of the United States of America and a resident of the state of Pennsylvania.

24.    Defendant Ross is sued in his official capacity as the Chief of the Philadelphia Police Department.

25.    At all times relevant hereto, Defendant Ross was employed by the Defendant City and/or the Philadelphia Police Department and was acting under color of state law.

26.    As the Chief of the Philadelphia Police Department, Defendant Ross both exercised and delegated his municipal final decision making powers to the Internal Affairs Division of the Philadelphia Police Department ("Internal Affairs") and others.

27.    Upon information and belief, Defendant Ross also trained and supervised some or all of individual Defendant police officers.

28.    The Defendant City and Defendant Ross are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately-indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision,

ratification, acquiescence and intentional failures which were moving forces in the complained-of constitutional and statutory violations and resulting injuries.

29.     The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Ross in his official capacity as the Chief of the Philadelphia Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately-indifferent policies, decisions, widespread habits, customs, usages and practices.

30.     All of the above-described acts were done by the each of individual Defendant police officers intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally-protected rights and other applicable rights, and were done pursuant to the preexisting and ongoing deliberately-indifferent official customs, practices, decisions, policies and training, and supervision of the Defendant City and Defendant Ross acting under color of state law.

## IV.  STATEMENT OF FACTS

31.     Pasa La Hookah Lounge, LLC  is, upon information and belief, a limited liability company or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at the above-stated address.

32.     At all times pertinent hereto, Pasa La Hookah Lounge, LLC owned, operated, controlled, possessed, maintained and managed the property and the pub/tavern/bar/nightclub known as the Pasa La Hookah Lounge and located at 6747 Castor Avenue, Philadelphia, PA 19149 (hereinafter, the "Nightclub").

33.     At all times pertinent hereto, Pasa La Hookah Lounge, LLCwas in the business of operating, controlling, maintaining and managing the Nightclub and serving alcohol to the business invitees and patrons thereof.

34.     On or about May 26, 2015, Plaintiff was a business invitee and patron of the Nightclub.

35.     On or about May 26, 2015, Plaintiff was attacked, assaulted and shot by one or more business invitees and patrons of the Nightclub.

36.     Defendants transported Plaintiff to the hospital after he had been shot.

37.     A videotape of the incident was taken by the Nightclub.

38.     Defendants made no attempt to obtain a copy of the videotape.

39.     Defendants made no attempt to apprehend the person or persons who shot Plaintiff.

40.     An article regarding the incident was published in the *Philadelphia Daily News* on May 26, 2015.

41.     Defendants advised the *Philadelphia Daily News* and other news organizations that Plaintiff's gunshot wounds were self-inflicted.

42.     That statement was completely false.

43.     That statement was meritless.

44.     At the time that the statement was made, each of the Defendants knew that the statement was untrue.

45.     These false statements libeled, slandered and defamed Plaintiff.

46.     Defendants further advised the *Philadelphia Daily News* and other news organizations that Plaintiff was "uncooperative" with Defendants.

47. That statement was completely false.

48. That statement was meritless.

49. At the time that the statement was made, each of the Defendants knew that the statement was untrue.

50. These false statements libeled, slandered, and defamed Plaintiff.

51. Defendants further advised *The Philadelphia Daily News* and other news organizations that the guns, ammunition and bullet-proof vests that were found as a result of Defendants' unlawful search of the residence where Plaintiff was residing belonged to Plaintiff.

52. That statement was completely false.

53. That statement was meritless.

54. At the time that the statement was made, each of the Defendants knew that the statement was untrue.

55. These false statements libeled, slandered and defamed Plaintiff.

56. Defendants further advised the *Philadelphia Daily News* and other news organizations that marijuana belonging to Plaintiff was found in the emergency room where Plaintiff had been treated for his gunshot wounds.

57. That statement was completely false.

58. That statement was meritless.

59. At the time that the statement was made, each of the Defendants knew that the statement was untrue.

60. These false statements libeled, slandered and defamed Plaintiff.

61. Each of the foregoing statements was made by Defendants to embarrass and humiliate Plaintiff and to harm, damage and otherwise impugn his character and reputation.

## A. The Investigatory and Disciplinary Process Employed By Internal Affairs

62. The review process of Internal Affairs and the sufficiency of the disciplinary action taken by the Philadelphia Police Department in response to complaints of misconduct against police officers were the subjects of a report produced in December 2003 by the Integrity and Accountability Office of the Philadelphia Police Department (the "Report"). (*Id.* at 5-6.)

63. The Report followed two extensive studies on the same subject. (*Id.*)

64. These prior studies cited serious shortcomings in the disciplinary practices and procedures of the Philadelphia Police Department that compromised the integrity of the entire police force. (*Id.*)

65. One of the Report's conclusions was that "[t]he disciplinary system in the Philadelphia Police Department remains fundamentally ineffective, inadequate and unpredictable." (*Id.*)

66. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

(a) failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

(b) failing to punish adequately unconstitutional uses of force;

(c) tolerating the use of unconstitutional force;

(d) ongoingly failing to properly or neutrally investigate citizen complaints of excessive force;

(e) tolerating, encouraging, and permitting collusive statements by involved officers in such situations; and

(f) ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

67. It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train law enforcement personnel in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

68. With deliberate indifference to the rights of citizens to be free from racism in law enforcement, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to police racism by:

    (a)    failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from racism in law enforcement;

    (b)    failing to adequately punish race-based law enforcement actions;

    (c)    ongoingly tolerating racism, slurs, and race-based selective law enforcement among the police force and in police decisions;

    (d)    failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race-based animus and toleration of collusive statements by involved officers in such situations; and

    (e)    ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

69. It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to use race and race-based animus as motivating factors in police decisions and actions, as well as to fail to supervise and to train law enforcement personnel in the rights of citizens to be free from such race-based decision making in law enforcement.

70. With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant City and Defendant Ross have ongoingly

encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police retaliation

to the exercise of such rights by:

    (a)    failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of police without retaliation;

    (b)    failing to adequately punish retaliation by police against members of the public who exercise their protected speech rights to object to police conduct;

    (c)    tolerating the use of retaliation-based tactics on protected speech;

    (d)    ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights; and

    (e)    ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

71.    It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice

and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to

permit police officers to retaliate against individuals for exercising their First Amendment rights,

as well as to fail to supervise and train law enforcement personnel in the constitutional rights of

individuals.

72.    With deliberate indifference to the rights of citizens to be free from malicious

prosecution, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated,

ratified, and acquiesced to the malicious prosecution and cover-up efforts by police officers by

failing to investigate citizen complaints of police misconduct and instead accepting police

accounts of events without question and rubber-stamping through Internal Affairs any police

account given.

73.    It is the longstanding and widespread custom, habit, practice and/or policy of the

Defendant City, Defendant Ross and the Philadelphia Police Department to find no fault with

police conduct as long as any story is given by police, regardless of how incredible.

74.     Internal Affairs routinely ratifies, acquiesces, rubber-stamps and tolerates the malicious collusive conduct and unconstitutional actions of police by routinely ignoring serious complaints of race-based or other violent retaliation and fabrication of evidence by the police force.

75.     Upon information and belief, the Defendant City and Defendant Ross did exactly that here, deciding through Internal Affairs to ratify and declare to be within policy these unconstitutional, racist and retaliatory actions with a bogus, insufficiently investigated and partial Internal Affairs finding of non-fault and justifiable use of search and seizure by the police officers involved.

76.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional, state and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medical and/or psychological treatment caused by the unconstitutional and moving forces concerted conduct of all of these Defendants.

77.     Plaintiff continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including, but not limited to, sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being savagely beaten and viciously slurred and branded and subjected to an unlawful and excessive search and seizure.

78.     Plaintiff's grandfather is a retired Captain of the Philadelphia Police Department.

79.     Plaintiff's father, now deceased, was a probation officer with the City of Philadelphia for many years.

80. This incident has caused Plaintiff to lose a great deal of faith in law enforcement and the City of Philadelphia.

81. Plaintiff is also entitled to punitive damages on each of his claims against each of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## V. CLAIMS FOR RELIEF

### COUNT 1

### 42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 (Against All Defendants)

82. Plaintiff repeats and realleges paragraphs 1 through 81 as if they were fully set forth herein.

83. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress

84. Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. § 1983.

85. All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

86. At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

Case ID: 170503175

87. Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

88. Plaintiff, as an African-American, is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially-motivated beatings, arrests, searches and the filing of false charges.

89. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

90. Plaintiff's race was a motivating factor in the decisions to viciously slur and brand him and subject him and his family members to an unlawful and excessive search and seizure.

91. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the laws, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Section 1981.

92. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights.

93. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

94. These individual Defendant police officers acted in concert and joint action with each other.

95. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

96.     None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

97.     The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

98.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

99.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

100.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

101.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

102.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these

individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT II

### 42 U.S.C. §§ 1985, 1986 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment (Against All Defendants)

103. Plaintiff repeats and realleges paragraphs 1 through 102, as if they were fully set forth herein.

104. Section 1985(3) creates a civil remedy where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

105. Section 1986 creates a civil remedy where a person "neglects or refuses" to prevent the commission of the wrongs covered by Section 1985.

106. Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. §§ 1985 and 1986.

107. All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

108. At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

109. Plaintiff, as an African-American, is a member of a protected class, and thus also had the clearly established statutory right under 42 U.S.C. §§ 1981, 1985 and 1986 to be free from racially-motivated beatings, arrests, searches and the filing of false charges.

110. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

111. Plaintiff's race was a motivating factor in the decisions to viciously slur and brand Plaintiff and to subject him and his family to an unlawful and excessive search and seizure.

112. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the laws, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Sections 1981, 1985 and 1986.

113. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights.

114. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

115. These individual Defendant police officers acted in concert and joint action with each other.

116. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

117. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's

federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

118. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

119. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

120. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the complained-of conduct in amounts to be ascertained in trial.

121. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

122. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. §§ 1981, 1985 and 1986 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT III

### 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment (Against All Defendants)

123. Plaintiff repeats and realleges paragraphs 1 through 122, as if they were fully set forth herein.

124. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

125. Plaintiff is a citizen of the United States of America and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

126. All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

127. At the time of the complained-of events, Plaintiff possessed the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

128. Any reasonable police officer knew or should have known of this right at the time of the complained-of conduct as it was clearly established at that time.

129. In 2012, Plaintiff exercised his constitutionally protected right to question law enforcement officers and/or engage in protected speech related to the constitutional rights of citizens with respect to searches of their person or property by the police and objectionable police conduct.

130. Retaliatory animus for Plaintiff's exercise of his constitutionally protected right to question Philadelphia police officers regarding the scope of their legal authority to search his person and property was a substantially motivating factor in the excessive force used by Philadelphia police officers in 2012.

131. The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

132. Defendants' decision to viciously slur and brand Plaintiff and subject him and his family to an unlawful and excessive search and seizure was retaliatory animus for Plaintiff's having (successfully) sued Philadelphia police officers and the Defendant City for the 2012 incident.

133. All of the individual Defendant police officers participated in the complained-of conduct as a means of retaliation for Plaintiff's prior lawsuit and none of the Defendant police officers took reasonable steps to protect Plaintiff from this retaliation, despite having a realistic and reasonable opportunity and having a duty to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force of each other police officer.

134. Each of the Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

135. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

136. The individual Defendant police officers acted in concert and joint action with each other.

137. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

138. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's

federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

139. The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

140. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

141. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

142. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

143. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

144. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT IV

**Violation of 42 U.S.C. § 1983 – Deliberately-indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981 (Against City and County of Philadelphia and Defendant Ross only)**

145. Plaintiff repeats and realleges paragraphs 1 through 144, as if they were fully set forth herein.

146. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

147. Plaintiff is a citizen of the United States of America and Defendants are persons for purposes of 42 U.S.C. § 1983.

148. Each of the Defendants was at all times relevant hereto acting under the color of state law.

149. Plaintiff had the following clearly established rights at the time of the complained-of conduct:

(a) the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

(b) the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

(c) the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

(d) the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

(e) the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

150.     Defendant Ross and the Defendant City knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

151.     The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

152.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

153.     None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

154.     Defendant Ross, the Defendant City, and Internal Affairs were, at all times relevant hereto, policymakers for the City and County of Philadelphia and the Philadelphia Police Department, and in that capacity established policies, procedures, customs and/or practices for the same.

155.     These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

156.     Defendant Ross and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs and practices, and/or failed to properly

train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

157.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights, such as those described herein, that the failure to provide such specialized training and supervision is deliberately-indifferent to those rights.

158.    The deliberately-indifferent training and supervision provided by the Defendant City and Defendant Ross resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendant City and Defendant Ross and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

159.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

160.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically-related expenses related expenses and may continue to incur further medical expenses or other special damages, in amounts to be established at trial.

161.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

162. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

163. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and other applicable law to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs and usages, and training and supervision, with respect to the rights described herein, and with respect to the ongoing policy and/or practice of Internal Affairs of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction.

**COUNT V**
**(Intentional Infliction of Emotional Distress)**
**(Against All Individual Defendants)**

164. Plaintiff repeats and realleges paragraphs 1 through 163, as if they were fully set forth herein.

165. The individual Defendant police officers and their co-conspirators intentionally engaged in extreme and outrageous behavior against Plaintiff including, but not limited to, employing unlawful and excessive search tactics, including psychological manipulation.

166. The individual Defendant police officers are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth in this Complaint.

167. The unlawful and excessive search and seizure by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and applicable state law.

Case ID: 170503175

168. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

169. Defendants' outrageous behavior caused Plaintiff to suffer severe emotional distress including, but not limited to, anxiety, fear, anger, depression and humiliation and the injuries described in this Complaint.

170. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

## COUNT VI

**(Conspiracy)**
(Against All Defendants)

171. Plaintiff repeats and realleges paragraphs 1 through 170, as if they were fully set forth herein.

172. The individual Defendant police officers and other persons, some of whom are not yet identified, including, but not limited to, law enforcement personnel, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired among and between themselves to viciously slur and brand Plaintiff, subject him and his family to an unlawful and excessive search and seizure and intentionally inflict severe emotional distress upon Plaintiff.

173. In furtherance of this conspiracy or conspiracies, the individual Defendant police officers, together with the unnamed co-conspirators, committed the overt acts described in this Complaint, including, but not limited to, viciously slurring and branding Plaintiff, subjecting him

and his family to an unlawful and excessive search and seizure and intentionally inflicting severe emotional distress upon Plaintiff.

174. The individual Defendant police officers are liable for this conspiracy because it was proximately caused by their unlawful acts and omissions as described in this Complaint.

175. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

176. This conspiracy proximately caused the injuries to Plaintiff as described in this Complaint.

177. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, with respect to each of the foregoing Counts, Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant the following relief:

(a) compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(b) economic losses on all claims allowed by law; special damages in an amount to be determined at trial;

(c) punitive damages on all claims allowed by law against the individual Defendants in an amount to be determined at trial attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, or other applicable law, including expert witness fees, on all claims allowed by law;

(d) pre- and post-judgment interest at the lawful rate;

(e) and any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

____________________________________

David B. Sherman, Esquire
Attorney for Plaintiff, Rodney Handy, Jr.

Dated: June 30, 2017

Case ID: 170503175

## VERIFICATION

I, RODNEY HANDY, hereby verify that the statements made in the foregoing Civil Action Complaint, are true and correct to the best of my information, knowledge and belief after reasonable inquiry. I understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

Rodney Handy
RODNEY HANDY

DATED: 6/30/2017