IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HANDY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-3107 |
| | : | |
| LEELONI PALMIERO, et al. | : | |

## ORDER

AND NOW, this 17th day of October, 2017, upon consideration of Defendants City of Philadelphia, City of Philadelphia Police Department, Leeloni Palmiero, Sergeant Baldomero, Detective Hagy, Detective Horger, Detective Sullivan, and Commissioner Richard Ross's Motion to Dismiss for Failure to State a Claim and Plaintiff Rodney Handy, Jr.'s response thereto, and following a September 28, 2017, oral argument, it is ORDERED the Motion (Document 3) is GRANTED.[1] Handy's Complaint is DISMISSED as follows: (1) Handy's

---

[1] Plaintiff Rodney Handy, Jr. is an African-American man who brings claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 and Pennsylvania state law against the City and County of Philadelphia, the City of Philadelphia Police Department, Philadelphia Police Commissioner Richard Ross in his official capacity, five named Philadelphia law enforcement officers—who are non-African American—in their personal capacities, and ten "Doe" Defendants who are also sued in their personal capacities.

According to the Complaint, while Handy was at Pasa La Hookah Lounge on the night of May 26, 2015, he was attacked, assaulted, and shot by another Lounge patron or patrons. Compl. ¶ 35. "Defendants" thereafter transported him to the hospital, but "Defendants" made no attempt to obtain the video of the incident from the Lounge or "apprehend the person or persons who shot him." *Id*. ¶¶ 37–39. The Complaint does not distinguish between Defendants except for some instances where it specifically refers to the City and County of Philadelphia, the Police Department, or Commissioner Ross.

At some point, Defendants subjected Handy and his family members to an allegedly unlawful search and seizure, though the Complaint includes no details regarding the search and seizure, such as when they occurred, why they were unlawful, or the identity of the perpetrators. The Complaint also suggests Defendants may have used excessive force against Handy, though again, no details are alleged. Compl. ¶ 77.

In addition, the Complaint alleges Defendants knowingly made several statements about the incident to the *Philadelphia Daily News* and other newspaper outlets, including that (1) Handy's gunshot wounds were self-inflicted; (2) Handy was uncooperative with Defendants; (3) guns, ammunition, and bullet-proof vests belonging to Handy were found in Handy's residence,

a result of the "unlawful search"; and (4) marijuana belonging to him was found in the emergency room where he was being treated for his gunshot wounds. *Id*. ¶¶ 41–60. The *Philadelphia Daily News* published these defamatory statements about Handy in an article about the incident that appeared on May 26, 2015. Because Handy engaged in the constitutionally-protected activity of filing a lawsuit against the City and several law enforcement officers in 2012, the Defendants engaged in the complained-of conduct as a means of retaliation for Handy's prior lawsuit.

The Complaint further alleges deficiencies of the Philadelphia Police Department's Internal Affairs Division and states that the City and Commissioner Ross insufficiently investigated "racist and retaliatory actions" through its internal affairs department. *Id*. ¶ 75. Notably, there are no facts alleged indicating that Handy lodged a complaint with the Division. The Complaint then parrots the legal standard for municipal liability based on alleged custom, habit, practice and/or policy of police brutality, excessive force, racism, and retaliation but fails to include specific factual averments in support of his allegations.

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true," *id*. at 210–11, but it need not accept "bald assertions" or "legal conclusions" made in plaintiff's papers, *see In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citation omitted). The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). To satisfy this standard, the complaint must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Handy's Complaint contains six counts, some of which assert more than one claim. Claims in each count are asserted against all Defendants except the claims in Count IV, which are only asserted against the City and County of Philadelphia and Commissioner Ross. Because the Complaint fails to state a plausible claim against any of the Defendants, the Court will set aside the question of what particular claims can survive against which particular Defendants in its analysis and focus on the claims asserted.

In Count I of the Complaint, Handy asserts § 1983 and § 1981 race-based claims, for which a plaintiff must show the defendant acted with an intent to discriminate on the basis of race. *See Johnson v. Fuentes*, No. 16-3646, 2017 WL 3309766, at *3 (3d Cir. 2017 Aug. 3, 2017); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). Count II asserts a § 1985(3) conspiracy claim, for which a must plaintiff show "racial, or perhaps otherwise class based, invidiously discriminatory animus," *see Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997), and a § 1986 failure to prevent a conspiracy claim, which depends on a preexisting violation of § 1985, *see Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).

2

As an initial matter, the Complaint is devoid of any factual allegations that would indicate that any of Defendants' conduct was motivated by race. Further, Handy has failed to allege conduct to adequately plead a § 1983 defamation claim. A § 1983 defamation claim requires monetary or professional damages in addition to reputational harm. *See Garner v. Twp. of Wrightstown*, 819 F. Supp. 435, 440–42 (E.D. Pa. 1993). Handy, however, alleges a general allegation of harm to his reputation and fails to plead monetary or professional damages. He has also failed to plead a Fourth Amendment claim as he makes only vague allegations of excessive force and a legally conclusive allegation of a search and seizure without indicating which Defendants entered Handy's residence, when this search and seizure occurred, or why it was unlawful. Additionally, while what specific rights under § 1981 Defendants have allegedly violated are unclear, as previously noted, there are no allegations to tie Defendants' conduct to Handy's race.

With respect to Count II, Handy has failed to plead a § 1985(3) conspiracy, in which a plaintiff must allege specific facts suggesting a mutual understanding among conspirators to take actions directed toward an unconstitutional end in addition to invidious, purposeful, and intentional discrimination. *See Aultman v. Padgett*, No. Civ. A 03-3261, 2003 WL 22358445, at *5 (E.D. Pa. Sept. 10 2003). Handy's alleged facts do not give rise to the inference that Defendants reached a "mutual understanding" or that their actions were motivated by racial animus. Absent a sufficiently pled claim under § 1985, Handy's § 1986 claim for failure to prevent a conspiracy must also fail.

Count III asserts a § 1983 First Amendment retaliation claim. To state this claim, a plaintiff must allege causation, namely that the protected activity was a substantial or motivating factor behind the defendant's alleged retaliatory conduct. *See Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Allegations of an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action or a pattern of antagonism coupled with timing are usually required to plead the requisite causal link. *See id*. Because Handy's protected activity—a lawsuit in 2012—occurred approximately three years prior to any of the alleged retaliatory conduct and there are no allegations of a pattern of antagonism, this claim cannot survive the motion to dismiss.

Count IV asserts two § 1983 municipal liability claims in which Handy seeks to hold the City and County of Philadelphia and Commissioner Ross liable for the alleged violations of his constitutional and § 1981 federal rights. Handy has failed to sufficiently allege any underlying constitutional or federal rights violations, and thus, these claims also cannot survive the motion to dismiss. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978) (holding that §1983 municipal liability claims require the violation of a right protected by the United States Constitution or federal law and the alleged violation to have resulted from municipal policy, custom, or practice of deliberate indifference to rights of citizens).

Count V is a state law tort claim, and Count VI is a conspiracy claim under either § 1983 or state tort law—the theory is unclear. To properly plead a federal civil conspiracy claim under § 1983, a plaintiff must satisfy the basic elements of a § 1983 claim—requiring first, that some person has deprived the plaintiff of a constitutional or federal right, and second, that the person who deprived the plaintiff of that right acted under the color of state law—as well as the elements of a conspiracy claim. Because Handy has failed to sufficiently allege any underlying constitutional or federal right violation, his federal claim cannot survive. Furthermore, in the absence of any viable federal law claims against Defendants, the Court declines to accept

claims against the City of Philadelphia Police Department, which has no independent corporate existence from the City of Philadelphia, are DISMISSED with prejudice; and (2) Handy's claims against the remaining Defendants are DISMISSED without prejudice. Handy shall have until November 16th, 2017, to file an amended complaint that corrects the deficiencies identified below. Failure to file an amended complaint within the time permitted will result in the dismissal of this case with prejudice.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

supplemental jurisdiction over the state law claims in this case. *See Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984).

Accordingly, all of the claims in the Complaint are dismissed without prejudice. If Handy chooses to file an amended complaint, he is directed to identify the relevant dates, locations, and circumstances of each alleged violation of his rights, what rights have been violated, and how each Defendant participated in each alleged violation.