# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY HANDY, JR.                                       :
6351 E. Fairston Drive                                  :
Philadelphia, PA  19120,                                :
                                                        :
                     Plaintiff,                 :
                                                        :
    vs.                                                :
                                                        :        CIVIL ACTION
LEELONI PALMIERO, individually,                         :
SGT. BALDOMERO, individually,                           :
DETECTIVE ROBERT HAGY, individually,                    :
DETECTIVE HORGER, individually,                         :
DETECTIVE SULLIVAN, individually,                       :
DOES 1-10, in their individual capacities,              :
RICHARD ROSS, in his official capacity,                 :
CITY OF PHILADELPHIA POLICE                             :
DEPARTMENT, and, THE CITY and                           :
COUNTY OF PHILADELPHIA                                  :
c/o Law Department                                      :
1515 Arch Street                                        :
Philadelphia, PA  19102,                                :
                                                        :
                  Defendants.                 :        NO:  17-3107

---

## FIRST AMENDED COMPLAINT
### 20 – Other Personal Injury

---

Plaintiff, Rodney Handy, Jr., by and through his attorneys, Solomon, Sherman & Gabay,

hereby files his First Amended Complaint against Defendants[1], and requests trial by jury, and, in

support thereof, avers as follows:

---

[1] All of the claims that set forth in Plaintiff's original complaint were, pursuant to the Court's Order dated
October 17, 2017, dismissed without prejudice. *See* Order, at 4.

**INTRODUCTION**

1.      This is an action brought by Rodney Handy, Jr., a African-American, to vindicate, *inter alia*, profound deprivations of his constitutional rights caused by, *inter alia,* race-based police misconduct, including, without limitation, retaliatory animus directed towards Plaintiff on account of a prior incident and lawsuit involving Defendants.

## I.   JURISDICTION AND VENUE

2.      This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

3.      This case wass instituted in the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. §1391 as the judicial district in which all of the relevant events and omissions occurred and in which each of the Defendants maintains offices and/or resides.

## II.  PARTIES

4.      At all times relevant hereto, Plaintiff was a resident of the State of Pennsylvania and a citizen of the United States of America.

5.      At all times relevant hereto, Defendant, Leelani Palmiero, was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

6.      Defendant Leeloni Palmiero is not an African-American.

7.      Defendant Leeloni Palmeiro is sued individually.

8.      At all times relevant hereto, Defendant, Sergeant Ubira Baldomero (Badge No. 494), was a citizen of the United States and a resident of the state of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

9.      Defendant Baldomero is not an African-American.

10.     Defendant Baldomero is sued individually.

11.     At all times relevant hereto, Defendant, Detective, Robert Hagy (Badge No. 757) was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

12.     Defendant Hagy is a Caucasian.

13.     Defendant Hagy is sued individually.

14.     At all times relevant hereto, Defendant, Detective Edward Horger (Badge No. 966), was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

15.     Defendant Horger is a Caucasian.

16.     Defendant Horger is sued individually.

17.     At all times relevant hereto, Defendant, Detective, George Sullivan (Badge No. 652), was a citizen of the United States and a resident of the State of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

18.     Defendant Sullivan is a Caucasian.

PHDATA 4841940_1

19.     Defendant Sullivan is sued individually.

20.     At all times relevant hereto, Defendants Does 1-10 were citizens of the United States and residents of the state of Pennsylvania and were acting under color of state law in their capacities as law enforcement officers employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

21.     Defendants Does 1-10 are sued in their individual capacities.

22.     Defendant, the City and County of Philadelphia, which are hereinafter collectively referred to as the "Defendant City," is a Pennsylvania municipal corporation and is the legal entity responsible for itself and the Philadelphia Police Department. This Defendant is also the employer of the individual Defendant police officers and is a proper entity to be sued under 42 U.S.C. § 1983 and other applicable law.

23.     At all times relevant hereto, Defendant, Richard A. Ross ("Ross), was a citizen of the United States of America and a resident of the state of Pennsylvania.

24.     Defendant Ross is sued in his official capacity as the Chief of the Philadelphia Police Department.

25.     At all times relevant hereto, Defendant Ross was employed by the Defendant City and/or the Philadelphia Police Department and was acting under color of state law.

26.     As the Chief of the Philadelphia Police Department, Defendant Ross both exercised and delegated his municipal final decision making powers to the Internal Affairs Division of the Philadelphia Police Department ("Internal Affairs") and others.

27.     Upon information and belief, Defendant Ross also trained and supervised some or all of individual Defendant police officers.

PHDATA 4841940_1

28.     The Defendant City and Defendant Ross are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately-indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained-of constitutional and statutory violations and resulting injuries.

29.     The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Ross in his official capacity as the Chief of the Philadelphia Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately-indifferent policies, decisions, widespread habits, customs, usages and practices.

30.     All of the above-described acts were done by the each of individual Defendant police officers intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally-protected rights and other applicable rights, and were done pursuant to the preexisting and ongoing deliberately-indifferent official customs, practices, decisions, policies and training, and supervision of the Defendant City and Defendant Ross acting under color of state law.

## III.  <u>STATEMENT OF FACTS</u>

31.     Pasa La Hookah Lounge, LLC  is, upon information and belief, a limited liability company or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 6747 Castor Avenue, Philadelphia, PA  19149.

PHDATA 4841940_1

32.     At all times pertinent hereto, Pasa La Hookah Lounge, LLC owned, operated, controlled, possessed, maintained and managed the property and the pub/tavern/bar/nightclub known as the Pasa La Hookah Lounge and located at 6747 Castor Avenue, Philadelphia, PA 19149 (hereinafter, the "Nightclub").

33.     At all times pertinent hereto, Pasa La Hookah Lounge, LLC was in the business of operating, controlling, maintaining and managing the Nightclub and serving alcohol to the business invitees and patrons thereof.

34.     On or about May 23, 2015, Plaintiff was a business invitee and patron of the Nightclub.

35.     On or about May 23, 2015, Plaintiff was attacked, assaulted and shot by one or more business invitees and patrons of the Nightclub.

36.     Upon information and belief, one or more of the Defendants transported Plaintiff to the hospital after he had been shot.

37.     A videotape of the incident was taken by the Nightclub.

38.     Several witnesses had observed the incident.

39.     After conducting a cursory investigation, Defendants made no attempt to obtain a copy of the videotape.

40.     After conducting a cursory investigation, Defendants made no attempt to apprehend the person or persons who shot Plaintiff.

41.     Plaintiff is an upstanding citizen with no criminal record.

42.     Plaintiff is a graduate of the Penn State University where he excelled as a scholar athlete.

PHDATA 4841940_1

43.     An article regarding the incident was published in *The Philadelphia Daily News* on May 26, 2015.

44.     One or more of the Defendants had advised *The Philadelphia Daily News* and other news organizations that Plaintiff's gunshot wounds were self-inflicted.

45.     That statement was completely false.

46.     That statement was meritless.

47.     At the time that the statement was made, each of the Defendants knew that the statement was untrue.

48.     In fact, the statement was so utterly baseless that the only inference that can be drawn therefrom is that the foregoing Defendants made the statement with the specific intent to viciously slur Plaintiff and brand him as being mentally ill and a criminal when, in fact, he was the victim of a brutal crime.

49.     These false statements libeled, slandered and defamed Plaintiff thereby injuring a constitutionally-protected interest in his reputation.  PA. CONST. ART. 1 § 1.

50.     One or more of the Defendants had further advised *The Philadelphia Daily News* and other news organizations that Plaintiff, who had been shot, and, as a result thereof, was suffering great pain and anguish, was "uncooperative" with Defendants.

51.     That statement was completely false.

52.     That statement was meritless.

53.     At the time that the statement was made, each of the Defendants knew that the statement was untrue.

54.     Plaintiff is a graduate of the Penn State University where he excelled as a scholar athlete.

55.     These false statements libeled, slandered, and defamed Plaintiff thereby injuring a constitutionally-protected interest in his reputation. PA. CONST. ART. 1, § 1.

56.     One or more of the Defendants had further advised *The Philadelphia Daily News* and other news organizations that certain guns, ammunition and bullet-proof vests were found as a result of Defendants' (unlawful) search of Plaintiff's residence and that said items belonged to Plaintiff.

57.     That statement was completely false.

58.     That statement was meritless.

59.     At the time that the statement was made, each of the Defendants knew that the statement was untrue.

60.     In fact, the statement was so utterly baseless that the only inference that can be drawn therefrom is that the foregoing Defendants made the statement with the specific intent to viciously slur Plaintiff and brand him as a criminal when, in fact, he was the victim of a brutal crime.

61.     These false statements libeled, slandered and defamed Plaintiff, thereby injuring a constitutionally-protected interest in his reputation.  PA.CONST. ART. 1, § 1.

62.     One or more of the Defendants had further advised the *Philadelphia Daily News* and other news organizations that a "green-weedy substance" had been found in the emergency room where Plaintiff (and many other patients) had been treated for his gunshot wounds and that said items belonged to Plaintiff.

63.     That statement was completely false.

64.     That statement was meritless.

65.     At the time that the statement was made, each of the Defendants knew that the statement was untrue.

66.     In fact, the statement was so utterly baseless that the only inference that can be drawn therefrom is that the foregoing Defendants made the statement with the specific intent to viciously slur Plaintiff and brand him as a criminal, when, in fact, he was the victim of a brutal crime.

67.     These false statements libeled, slandered and defamed Plaintiff thereby injuring a constitutionally-protected interest in his reputation.  PA. CONST. ART. 1, §1.

68.     Notably, Defendants never arrested Plaintiff for any of the alleged incidents described above.

69.     At this time, Plaintiff does not know the identities of the Defendants who communicated with *The Philadelphia Daily News*.

70.     It is reasonably expected that discovery will reveal the identities of those Defendants who defamed, libeled and slandered Plaintiff, and otherwise violated Plaintiff's civil rights as described in this Amended Complaint, and the extent to which Defendants acted in concert with one another to deprive Plaintiff of his civil rights.

71.     Each of the foregoing statements was made by one or more of the Defendants to embarrass, humiliate, slur and brand Plaintiff and to harm, damage and otherwise impugn his character, reputation and prospects for future employment and advancement.

A.     The Investigatory and Disciplinary Process Employed By Internal Affairs

72.     The review process of Internal Affairs and the sufficiency of the disciplinary action taken by the Philadelphia Police Department in response to complaints of misconduct

PHDATA 4841940_1

against police officers were the subjects of a report produced in December 2003 by the Integrity and Accountability Office of the Philadelphia Police Department (the "Report"). (*Id.* at 5-6.)

73.     The Report followed two extensive studies on the same subject. (*Id.*)

74.     These prior studies cited serious shortcomings in the disciplinary practices and procedures of the Philadelphia Police Department that compromised the integrity of the entire police force.  (*Id.*)

75.     One of the Report's conclusions was that "[t]he disciplinary system in the Philadelphia Police Department remains fundamentally ineffective, inadequate and unpredictable."  (*Id.*)

76.     With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

    (a)     failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

    (b)     failing to punish adequately unconstitutional uses of force;

    (c)     tolerating the use of unconstitutional force;

    (d)     ongoingly failing to properly or neutrally investigate citizen complaints of excessive force;

    (e)     tolerating, encouraging, and permitting collusive statements by involved officers in such situations; and

    (f)     ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

77.     It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to use excessive force against individuals when such use is unnecessary

and unjustified, as well as to fail to supervise and to train law enforcement personnel in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

78.     With deliberate indifference to the rights of citizens to be free from racism in law enforcement, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to police racism by:

(a)     failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from racism in law enforcement;

(b)     failing to adequately punish race-based law enforcement actions;

(c)     ongoingly tolerating racism, slurs, and race-based selective law enforcement among the police force and in police decisions;

(d)     failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race-based animus and toleration of collusive statements by involved officers in such situations; and

(e)     ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

79.     It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to use race and race-based animus as motivating factors in police decisions and actions, as well as to fail to supervise and to train law enforcement personnel in the rights of citizens to be free from such race-based decision making in law enforcement.

80.     With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police retaliation to the exercise of such rights by:

(a)     failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of police without retaliation;

(b)    failing to adequately punish retaliation by police against members of the public who exercise their protected speech rights to object to police conduct;

(c)    tolerating the use of retaliation-based tactics on protected speech;

(d)    ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights; and

(e)    ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

81.    It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to permit police officers to retaliate against individuals for exercising their First Amendment rights, as well as to fail to supervise and train law enforcement personnel in the constitutional rights of individuals.

82.    With deliberate indifference to the rights of citizens to be free from malicious prosecution, the Defendant City and Defendant Ross have ongoingly encouraged, tolerated, ratified, and acquiesced to the malicious prosecution and cover-up efforts by police officers by failing to investigate citizen complaints of police misconduct and instead accepting police accounts of events without question and rubber-stamping through Internal Affairs any police account given.

83.    It is the longstanding and widespread custom, habit, practice and/or policy of the Defendant City, Defendant Ross and the Philadelphia Police Department to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

84.    Internal Affairs routinely ratifies, acquiesces, rubber-stamps and tolerates the malicious collusive conduct and unconstitutional actions of police by routinely ignoring serious complaints of race-based or other violent retaliation and fabrication of evidence by the police force.

PHDATA 4841940_1

85.     Upon information and belief, the Defendant City and Defendant Ross did exactly that here, deciding through Internal Affairs to ratify and declare to be within policy these unconstitutional, racist and retaliatory actions with a bogus, insufficiently investigated and partial Internal Affairs finding of non-fault and justifiable use of search and seizure by the police officers involved.

86.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional, state and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medical and/or psychological treatment caused by the unconstitutional and moving forces concerted conduct of all of these Defendants.

87.     Plaintiff continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including, but not limited to, sadness, anxiety, stress, anger, depression, frustration and sleeplessness from being viciously slurred and branded and subjected to an unlawful and excessive search and seizure.

88.     Plaintiff's grandfather is a retired Captain of the Philadelphia Police Department.

89.     Plaintiff's father, now deceased, was a probation officer with the City of Philadelphia for many years.

90.     Defendants' pattern of antagonism toward Plaintiff, as described herein, has caused Plaintiff to lose a great deal of faith in law enforcement and the City of Philadelphia.

91.     Plaintiff is also entitled to punitive damages on each of his claims against each of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

PHDATA 4841940_1

## V. CLAIMS FOR RELIEF

## COUNT 1

**Violation of 42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 (Against All Defendants)**

92.     Plaintiff repeats and realleges paragraphs 1 through 91 as if they were fully set forth herein.

93.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

42 U.S.C. § 1983.

94.     Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. § 1983.

95.     All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

96.     At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

97.     Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be

PHDATA 4841940_1

> subject to like punishment, pains, penalties, taxes, licenses, and
> exactions of every kind, and to no other.

42 U.S.C. § 1981

98.     Plaintiff, as an African-American, is a member of a protected class, and thus also had the clearly established statutory right under the provisions of 42 U.S.C. § 1981 to be free, *inter alia,* from racially-motivated beatings, arrests, searches and the filing of false charges, and the right to enjoy the equal benefit of all laws and proceedings that exist for the security of persons and property that is enjoyed by white citizens.

99.     However, the very nature of a conspiracy typically precludes direct evidence or a "blueprint" of the conspiratorial plan.

100.    And, firsthand knowledge of the conspiracy is not required under Sections 1985 and 1986.

101.    Nevertheless, it is highly unlikely that the decisions to viciously slur and band Plaintiff, and to conduct an illegal search of Plaintiff's residence, and the determination that Plaintiff had (allegedly) shot himself, were made independently of one another.

102.    It is reasonably expected that discovery will reveal the identities of those Defendants who defamed, libeled and slandered Plaintiff and otherwise conspired against him to violate his civil rights as described in this Amended Complaint.

103.    Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

104.    Plaintiff's race, and other arbitrary factors, were motivating factors in the decisions to viciously slur and brand him as being mentally ill and a criminal, and subjecting him and his family members to the unlawful and excessive search and seizure described herein.

105.    Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the laws, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Section 1981.

106.    Plaintiff was treated differently from other similarly-situated white persons and, in particular, he was treated differently than white crime victims would have been treated.

107.    This selective treatment was based upon an unjustifiable standard, *i.e.,* Plaintiff's race, and other arbitrary factors, such as the 2012 incident (described below) and Plaintiff's lawsuit (filed in 2014) that resulted therefrom, which is also discussed below.

108.    Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights.

109.    The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

110.    These individual Defendant police officers acted in concert and joint action with each other.

111.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

112.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

PHDATA 4841940_1

113.    The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

114.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

115.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

116.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

117.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

118.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

PHDATA 4841940_1

## COUNT II

### Violation of 42 U.S.C. §§ 1985, 1986 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment
### (Against All Defendants)

119.     Plaintiff repeats and realleges paragraphs 1 through 118, as if they were fully set forth herein.

120.     Section 1985(3) creates a civil remedy where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

121.     Section 1986 creates a civil remedy where a person "neglects or refuses" to prevent the commission of the wrongs covered by Section 1985.

122.     Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. §§ 1985 and 1986.

123.     All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

124.     At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

125.     Plaintiff, as an African-American, is a member of a protected class, and thus also had the clearly established statutory right under 42 U.S.C. §§ 1981, 1985 and 1986 to be free from, *inter alia,* racially-motivated beatings, arrests, searches and the filing of false charges.

126.     Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct, as they were clearly established at that time.

PHDATA 4841940_1

127.    Plaintiff's race, and other arbitrary factors, were motivating factors in the decisions to viciously slur and brand Plaintiff as being mentally ill and a criminal, and in subjecting him and his family to the (unlawful) and excessive search and seizure of his residence as described herein.

128.    Defendants' conduct was undertaken for the purposes of harming Plaintiff's constitutionally-protected interest in his reputation and depriving Plaintiff of the equal protection and benefits of the laws, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Sections 1981, 1985 and 1986.

129.    Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights.

130.    The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

131.    It is reasonably expected that discovery will reveal the identities of those Defendants who acted in concert and joint action with each other to deprive Plaintiff of his civil rights, as described in this Amended Complaint.

132.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

133.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

PHDATA 4841940_1

134.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

135.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

136.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the complained-of conduct in amounts to be ascertained in trial.

137.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

138.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. §§ 1981, 1985 and 1986 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT III

**Violation of 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment (Against All Defendants)**

139.    Plaintiff repeats and realleges paragraphs 1 through 138, as if they were fully set forth herein.

140.    42 U.S.C. § 1983 provides that:

PHDATA 4841940_1

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

42 U.S.C. § 1983.

141.   Plaintiff is a citizen of the United States of America and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

142.   All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

143.   At the time of the complained-of events, Plaintiff possessed the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

144.   Under the Pennsylvania Constitution, injury to reputation alone is a cognizable violation of a liberty interest that is secured by the federal constitution because reputation is a fundamental right shielded by due process protections.  PA. CONST. ART. 1, § 1.

145.   Any reasonable police officer knew or should have known of this right at the time of the complained-of conduct as it was clearly established at that time.

146.   In 2012, Plaintiff exercised his constitutionally protected right to question law enforcement officers and/or engage in protected speech related to the constitutional rights of citizens with respect to searches of their person or property by the police and objectionable police conduct.

147.   The excessive force used against Plaintiff (in 2012) in retaliation for his protected conduct would have deterred a person of ordinary firmness from continuing to engage in the protected conduct.

PHDATA 4841940_1

### A.   The 2012 Incident

148.    Retaliatory animus for Plaintiff's exercise of his constitutionally protected right
(to question Philadelphia police officers regarding the scope of their legal authority to search his
person and property) was a substantially motivating factor in the excessive force that was used
against Plaintiff by Philadelphia police officers in 2012.

149.    The 2012 incident was well-publicized and well-known to every member of the
Philadelphia Police Department.

150.    In fact, the 2012 incident was notorious.

151.    In fact, the 2012 incident led to a grand jury investigation of two high-ranking
police officers and an investigation conducted by Internal Affairs.

152.    Internal Affairs issued a recommendation that those officers be disciplined.

### B.   The 2014 Lawsuit

153.    Defendants' decision to viciously slur and brand Plaintiff as being mentally ill and
a criminal, and subject him and his family to an (unlawful) and excessive search and seizure of
Plaintiff's residence, was retaliatory animus for Plaintiff's having (successfully) sued certain
Philadelphia police officers and the Defendant City (in 2014) regarding the 2012 incident.

154.    Defendants' decision to viciously slur and brand Plaintiff as being mentally ill and
a criminal, and subject him and his family to an (unlawful) and excessive search and seizure of
Plaintiff's residence was retaliatory animus for 2014 lawsuit, the grand jury investigation and the
investigation by Internal Affairs noted above.

155.    All of the  individual Defendant police officers participated in the complained-of
conduct as a means of retaliation for Plaintiff's prior lawsuit and the aforementioned
investigations and none of the Defendant police officers took reasonable steps to protect Plaintiff

from this retaliation, despite having a realistic and reasonable opportunity and having a duty to do so.

156.    They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking conduct of each other police officer.

157.    None of the Defendants would have taken the same action, *i.e.,* defaming, slandering and libeling Plaintiff, had Plaintiff not engaged in the foregoing protected activity.

158.    Each of the Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

159.    The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

160.    The individual Defendant police officers acted in concert and joint action with each other.

161.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

162.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

163.    The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

PHDATA 4841940_1

164.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

165.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

166.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

167.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

168.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### COUNT IV

**Violation of 42 U.S.C. § 1983 – Defamation In
Violation of the Fourteenth Amendment
(Against all Defendants)**

169.    Plaintiff repeats and realleges paragraphs 1 through 168, as if they were fully set forth herein.

170.     The false statements discussed above at length libeled, slandered and defamed Plaintiff, thereby injuring a constitutionally-protected interest in his reputation.  PA. CONST. ART 1, § 1.

171.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

172.     None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

173.     The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

174.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

175.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

176.     Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

PHDATA 4841940_1

177.     The damage that was caused by one or more of the Defendants to, *inter alia,* Plaintiff's constitutionally-protected interest in his reputation may be so severe as to have permanently curtailed Plaintiff's ability to advance in his chosen profession.

178.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

179.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT V

**Violation of 42 U.S.C. § 1983 – Unlawful Search and Seizure In Violation of The Fourth and Fourteenth Amendments and 42 U.S.C. § 1981**
**(Against All Defendants)**

180.     Plaintiff repeats and realleges paragraphs 1 through 179, as if they were fully set forth herein.

181.     On May 24, 2015, Defendants conducted a search of Plaintiff's residence located at 6351 E. Fairston Drive in Philadelphia.  A true and correct copy of the search warrant allegedly obtained for Plaintiff's residence is attached hereto as Exhibit A  and incorporated herein by reference.

182.     The police officers who conducted and/or participated in the search of Plaintiff's residence were, among others, Defendant Palmiero, Defendant, Baldomero, Henry Schoch (Badge No. 3691 and Joseph Sugar (Badge No. 6851).

PHDATA 4841940_1

183.    The search of Plaintiff's residence was conducted without a statement of probable cause having been alleged in the application and affidavit for the search warrant, or otherwise established.

184.    For this reason alone, the search of Plaintiff's residence was unlawful.

185.    Neverthe4less, the aforementioned Defendants seized one (1) handgun, certain ammunition and (2) bullet-proof vests from Plaintiff's residence.

186.    None of these items belonged to Plaintiff.

187.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

188.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

189.    The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

190.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

191.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

PHDATA 4841940_1

192.     Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

193.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

194.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT VI

**Violation of 42 U.S.C. § 1983 – Deliberately-indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981 (Against City and County of Philadelphia and Defendant Ross only)**

195.     Plaintiff repeats and realleges paragraphs 1 through 194, as if they were fully set forth herein.

196.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

42 U.S.C. § 1983.

197.     Plaintiff is a citizen of the United States of America and Defendants are persons for purposes of 42 U.S.C. § 1983.

PHDATA 4841940_1

198.   Each of the Defendants was at all times relevant hereto acting under the color of state law.

199.   Plaintiff had the following clearly established rights at the time of the complained-of conduct:

(a)   the right to be secure in his person from unreasonable seizure through excessive force under the Fourth Amendment;

(b)   the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

(c)   the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

(d)   the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

(e)   the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

200.   Defendant Ross and the Defendant City knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

201.   The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

202.   The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

203.   None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

204.    Defendant Ross, the Defendant City and Internal Affairs were, at all times relevant hereto, policymakers for the City and County of Philadelphia and the Philadelphia Police Department, and in that capacity established policies, procedures, customs and/or practices for the same.

205.    These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

206.    Defendant Ross and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

207.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights, such as those described herein, that the failure to provide such specialized training and supervision is deliberately-indifferent to those rights.

208.    The deliberately-indifferent training and supervision provided by the Defendant City and Defendant Ross resulted from a conscious or deliberate choice to follow a course of

action from among various alternatives available to the Defendant City and Defendant Ross and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

209.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

210.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically-related expenses related expenses and may continue to incur further medical expenses or other special damages, in amounts to be established at trial.

211.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

212.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

213.    Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, and other applicable law, to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs and usages, and training and supervision, with respect to the rights described herein, and with respect to the ongoing policy and/or practice of Internal Affairs of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction.

## COUNT VII
### Defamation
### (Against All Individual Defendants)

214.    Plaintiff repeats and realleges paragraphs 1 through 213, as if they were fully set forth herein.

215.    Under the Pennsylvania Constitution, injury to reputation alone is a cognizable violation of a liberty interest that is secured by the federal constitution because reputation is a fundamental right shielded by due process protections.  PA. CONST. ART 1, § 1.

216.    The statements which were made by one or more of the Defendants to *The Philadelphia Daily News*, which are discussed above at length, defamed Plaintiff, thereby injuring a constitutionally-protected interest in his reputation.  PA. CONST. ART. 1, § 1.

217.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

218.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

219.    The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

220.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

PHDATA 4841940_1

221.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred

special damages, including medically related expenses and may continue to incur further medical

expenses and other special damages, in amounts to be established at trial.

222.     Upon information and belief, Plaintiff may suffer lost future earnings and

impaired earnings capacities in amounts to be ascertained in trial.

223.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.

§1988 and other applicable law, pre-judgment interest and costs as allowable by federal and

other applicable law. There may also be special damages for lien interests.

224.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named Defendant police

officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these

individual Defendants have been taken maliciously, willfully or with a reckless or wanton

disregard of the constitutional and statutory rights of Plaintiff.

### COUNT VII
Libel
**(Against All Individual Defendants)**

225.     Plaintiff repeats and realleges paragraphs 1 through 224, as if they were fully set

forth herein.

226.     Under the Pennsylvania Constitution, injury to reputation alone is a cognizable

violation of a liberty interest secured by the federal constitution because reputation is a

fundamental right shielded by due process protections.

227.     The statements which were made by one or more of the Defendants to *The

Philadelphia Daily News*, which are discussed above at length, libeled Plaintiff, thereby injuring

a constitutionally-protected interest in his reputation.  PA. CONST. ANT. 1, § 1.

                                    PHDATA 4841940_1

228.    The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

229.    None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

230.    The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

231.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

232.    As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

233.    Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

234.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

235.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police

officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT VIII
### (Slander)

236.     Plaintiff repeats and realleges paragraphs 1 through 235, as if they were fully set forth herein.

237.     Under the Pennsylvania Constitution, injury to reputation alone is a cognizable violation of a liberty interest secured by the federal constitution because reputation is a fundamental right shielded by due process protections.

238.     The statements which were made by one or more of the Defendants to *The Philadelphia Daily News*, which are discussed above at length, slandered Plaintiff, thereby injuring a constitutionally-protected interest in his reputation.  PA. CONST. ART. 1, § 1.

239.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

240.     None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

241.     The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

PHDATA 4841940_1

242.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

243.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

244.     Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial.

245.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

246.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT IX
### (Intentional Infliction of Emotional Distress)
### (Against All Individual Defendants)

247.     Plaintiff repeats and realleges paragraphs 1 through 246, as if they were fully set forth herein.

248.     The individual Defendant police officers and their co-conspirators intentionally engaged in extreme and outrageous behavior against Plaintiff including, but not limited to, employing unlawful and excessive search tactics, including psychological manipulation, and defaming, libeling and slandering Plaintiff as discussed above at length.

249.     The individual Defendant police officers are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth in this Amended Complaint.

250.     The unlawful and excessive search and seizure by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and applicable state law.

251.     None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

252.     Defendants' outrageous behavior caused Plaintiff to suffer severe emotional distress including, but not limited to, anxiety, fear, anger, depression and humiliation and the other injuries described in this Amended Complaint.

PHDATA 4841940_1

253.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered

actual physical and emotional injuries, and other damages and losses as described herein,

entitling him to compensatory and special damages, in amounts to be determined at trial.

### COUNT X
### (Conspiracy)
(Against All Individual Defendants)

254.     Plaintiff repeats and realleges paragraphs 1 through 253 as if they were fully set

forth herein.

255.     The individual Defendant police officers and other persons, some of whom are

not yet identified, including, but not limited to, law enforcement personnel, together reached an

understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired

among and between themselves to viciously slur and brand Plaintiff, as discussed above at length

and subject him and his family to an unlawful and excessive search and seizure, and intentionally

inflict severe emotional distress upon Plaintiff.

256.     In furtherance of this conspiracy or conspiracies, the individual Defendant police

officers, together with the unnamed co-conspirators, committed the overt acts described in this

Amended Complaint, including, but not limited to, viciously slurring and branding Plaintiff,

subjecting him and his family to an unlawful and excessive search and seizure and intentionally

inflicting severe emotional distress upon Plaintiff.

257.     The individual Defendant police officers are liable for this conspiracy because it

was proximately caused by their unlawful acts and omissions as described in this Amended

Complaint.

258.     None of the Defendants is entitled to qualified immunity or any other kind of

immunity for the complained-of conduct because Defendants engaged in the conduct described

PHDATA 4841940_1

in this Amended Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

259.    This conspiracy proximately caused the injuries to Plaintiff as described in this Amended Complaint.

260.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, with respect to each of the foregoing Counts, Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant the following relief:

(a)    compensatory and consequential damages, including damages for emotional distress, humiliation, loss of the enjoyment of life and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(b)    economic losses on all claims allowed by law and special damages in an amount to be determined at trial;

(c)    punitive damages on all claims allowed by law against the individual Defendants in an amount to be determined at trial, attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, or other applicable law, including expert witness fees, on all claims allowed by law;

(d)    pre- and post-judgment interest at the lawful rate; and

(e)    and any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

_____
David B. Sherman, Esquire
Attorney for Plaintiff, Rodney Handy, Jr.
Identification No:  36437
SOLOMON, SHERMAN & GABAY
8 Penn Center
1628 John F. Kennedy Boulevard, Suite 2200
Philadelphia, PA  19103
(215) 665-1100

Dated:   November 16, 2017

PHDATA 4841940_1