## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HANDY, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO: 17-3107 |
| | : | |
| LEELONI PALMIERO, et al., | : | |
| | : | |
| Defendants. | : | CIVIL ACTION |

---

<u>ORDER</u>

AND NOW, this _____ day of _____, 2019, upon consideration of the

Motion to Strike Defendants' Answer with Affirmative Defenses and those portions of their

Motion for Summary Judgment Asserting Said Affirmative Defenses filed by Plaintiff, Rodney

Handy, Jr., it is hereby ORDERED that the Motion is GRANTED, and it is further

ORDERED that the Answer with Affirmative Defenses filed by Defendants Leeloni

Palmiero, Sergeant Baldomero and Detectives Hagy, Horger and Sullivan, is STRICKEN, in its

entirety, and it is further

ORDERED that those portions of Defendants' Motion for Summary Judgment asserting

said Affirmative Defenses are STRICKEN.

_____
                                                                                    J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY HANDY, JR.,                    :
                                      :
              Plaintiff,        :
                                      :
        vs.                       :        NO:  17-3107
                                      :
LEELONI PALMIERO, et al.,             :
                                      :
           Defendants.           :        CIVIL ACTION

---

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES AND THOSE PORTIONS OF THEIR MOTION FOR SUMMARY JUDGMENT ASSERTING SAID AFFIRMATIVE DEFENSES

Plaintiff, Rodney Handy, Jr., hereby moves the Court for an order striking the Answer with Affirmative Defenses filed by Defendants Leeloni Palmiero, Sergeant Baldomero and Detectives Hagy, Horger and Sullivan.  For the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, the Court should strike Defendants' Answer with Affirmative Defenses, in its entirety, and further strike those portions of Defendants' Motion for Summary Judgment asserting said Affirmative Defenses.

Dated:  July 16, 2019

                                        _____
                                        David B. Sherman
                                        Solomon, Sherman & Gabay
                                        Identification No. 36437
                                        8 Penn Center, Suite 2200
                                        1628 JFK Boulevard
                                        Philadelphia, PA  19103
                                        (215) 665-1100
                                        Attorney for Plaintiff, Rodney Handy, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY HANDY, JR.,                        :
                     Plaintiff,    :
                            :
      vs.                                :
                            :   NO:  17-3107
LEELONI PALMIERO, et al.,                 :
               Defendants.      :   CIVIL ACTION

---

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE

Plaintiff, Rodney Handy, Jr., by and through his undersigned attorneys, Solomon, Sherman and Gabay, pursuant to Rule 12(f) of the Federal rules of Civil Procedure, hereby submits this Memorandum of Law in support of his Motion to Strike Defendants' Answer with Affirmative Defenses, in its entirety, and those portions of Defendants' Motion for Summary Judgment asserting said Affirmative Defenses.

In support thereof, Plaintiff avers as follows:

I.     PROCEDURAL HISTORY

Plaintiff had initially filed suit against Defendants in the Philadelphia Court of Common Pleas on May 22, 2017.  (ECF 1).  On July 12, 2017, Defendants removed the case to the United States District Court for the Eastern District of Pennsylvania.  *Id.*

A.   Defendants' Initial Motion to Dismiss

On August 21, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF 3).  A true and correct copy of the

Motion is attached hereto as Exhibit A and incorporated herein by reference.  On September 5, 2017, Plaintiff filed a Response in Opposition to said Motion. (ECF 3, 4).[1]  On October 17, 2017, the Court granted Defendants' Motion to Dismiss and dismissed all of Plaintiff's claims without prejudice.  The Court granted Plaintiff leave to file an amended complaint. (ECF 11).

B.  Plaintiff's Amended Complaint

On November 16, 2017, Plaintiff filed his First Amended Complaint against Defendants. (ECF 12).  A true and correct copy of Plaintiff's First Amended Complaint (the "Amended Complaint") is attached hereto as Exhibit B and incorporated herein by reference.

C.  Defendants' Second Motion to Dismiss

On November 30, 2017, Defendants filed their second Rule 12(b)(6) Motion and Memorandum of Law in support thereof (ECF 14,15).  True and correct copies of the Motion and a Memorandum are attached hereto as Exhibit C and incorporated herein by reference.  By Order entered on September 28, 2018, the Motion was granted in part and denied in part.  (ECF 18).

D.  The Court's Initial Scheduling Order

The Court entered its initial scheduling order on October 2, 2018.  (ECF 19).[2]  Pursuant to its Second Amended Scheduling Order, entered on March 21, 2019, the Court directed that dispositive motions were to be filed by July 3, 2019.  (ECF 21).

E.  Trial

Trial is scheduled for August 12, 2019.

---

[1] Oral argument on Defendants' Motion was held on September 28, 2017. (ECF 10).

[2] The pleadings were closed at this point.

PHDATA 4841940_1

F.   Defendants' Untimely Answer

Defendants, on July 2, 2019, nearly ten (10) months after their second Rule 12(b)(6) Motion had been decided, filed their Answer with Affirmative Defense to Plaintiff's Amended Complaint.  A true and correct copy of the Answer is attached hereto as Exhibit C and incorporated herein by reference.

Defendants' Answer contains six (6) affirmative defenses, *e.g.,* governmental immunity, qualified immunity, statute of limitation and causation.  Except for its defense of failure to state a claim, none of these defenses had been previously raised by Defendants in this case.[3]

G.   Defendants' Motion for Summary Judgment

On July 2, 2019, Defendants filed their Motion for Summary Judgment (ECF 23).  A true and correct copy of the Motion is attached hereto as Exhibit E and incorporated herein by reference.  Defendants seek summary judgment based, in part, on these newly raised affirmative defenses.

Presently before the Court is Plaintiff's Motion to Strike Defendants' Answer with Affirmative Defenses, in its entirety, and to strike those portions of Defendants' Motion for Summary Judgment asserting said Affirmative Defenses.

II.   STATEMENT OF FACTS

This is an action that was brought by Plaintiff, an African-American, to vindicate, *inter alia*, profound deprivations of his constitutional rights caused by, *inter alia,* the individual police officers named as Defendants in this action (hereinafter, collectively referred to as the "Police

---

[3] Defendants' First Affirmative Defense, *i.e.,* failure to state a claim is, given Defendants' previously-filed Rule 12(b)(6) motions, redundant, and, therefore, it should be stricken pursuant to Fed..R.Civ. P. 12(f).

PHDATA 4841940_1

Officer Defendants"), resulting in the injuries and damages more fully described in the Amended Complaint.

At the time of the complained-of events that are described, at length, in the Amended Complaint, Plaintiff had, *inter alia,* the following clearly-established constitutional rights:

(a)     the right to be secure in his person from unreasonable seizure through excessive force under the Fourth Amendment (Am. Compl. ¶ 199(a));

(b)     the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; (Am. Compl. ¶ 199(b));

(c)     the right to exercise his constitutional rights of free speech under the First Amendment without retaliation (Am. Compl. ¶ 199(c)); and

(d)     the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments (Am. Compl. ¶ 199(e)).

On or about May 23, 2015, Plaintiff was a business invitee and patron of the pub/tavern/bar/nightclub known as the Pasa La Hookah Lounge and located at 6747 Castor Avenue,. Philadelphia, PA  19149 (hereinafter, the "Nightclub").  (Am. Compl., ¶ 34).  Plaintiff was attacked, assaulted and shot by one or more business invitees and patrons of the Nightclub. (*Id.;* ¶ 35).  Defendants transported Plaintiff to the hospital after he had been shot.  (*Id.*, ¶ 36).

A videotape of the incident was taken by the Nightclub. (*Id.,* ¶ 37).  Several witnesses had observed the incident.  (*Id.,* ¶ 38).  After conducting a cursory investigation, Defendants made no real attempt to apprehend the person or persons who shot Plaintiff.  (*Id.,* ¶¶ 39,40).

Plaintiff is an upstanding citizen.  He has no criminal record.  (*Id.,* ¶ 41)  Plaintiff is a graduate of the Penn State University where he excelled as a scholar athlete.  (*Id.,* ¶ 42)

PHDATA 4841940_1

An article regarding the assault and shooting was published in *The Philadelphia Daily News* on May 26, 2015.  (*Id.,* ¶ 43).[4]  One or more of the Defendants had advised *The Philadelphia Daily News* and other news organizations that:

> a)  Plaintiff's gunshot wounds were self-inflicted (Am. Compl., ¶ 44);
>
> b)  Plaintiff, who had been shot, and, as a result thereof, was suffering great pain and anguish, was "uncooperative" with Defendants (Am. Compl., ¶ 50);
>
> c)  that certain guns, ammunition and bullet-proof vests were found as a result of Defendants' (unlawful) search of Plaintiff's residence and that said items belonged to Plaintiff (Am. Compl., ¶ 56); and
>
> d)  a "green-weedy substance" had been found in the emergency room where Plaintiff (and many other patients) had been treated for his gunshot wounds and that said item belonged to Plaintiff (Am. Compl., ¶ 62).

Each of the foregoing statements was patently (and outrageously) false.  Moreover, at the time that the statements were made, each of the Defendants knew that the statements were untrue. These false statements, *inter alia,* libeled, slandered and defamed Plaintiff and thereby injured a constitutionally-protected interest in his reputation.  *See* PA. CONST. ART. 1, § 1.

In fact, Plaintiff contends that these statements were so utterly baseless that the only inference that can be reasonably drawn therefrom is that one or more of the Police Officer Defendants made the statements with the specific intent to embarrass, humiliate and slur Plaintiff and brand him as being mentally-ill and a criminal, and to harm, damage and otherwise impugn his character, reputation and prospects for future employment and advancement.  Plaintiff further

---

[4] Defendants expressly deny that the article was published on May 26, 2015.  *See* Defendants' Responses and Objections to Plaintiff's First Set of Requests for Admissions, a true and correct copy of which is attached hereto as Exhibit F and incorporated herein by reference. ¶ 15.

PHDATA 4841940_1

contends that these statements were made in retaliation for Plaintiff's false arrest and malicious beating in 2012 (and his successful lawsuit filed in 2014 arising therefrom), as is more fully discussed in the Amended Complaint.

It bears repeating that Plaintiff was the *victim* of various crimes.  He was attacked, assaulted and shot.  (Am. Compl.,¶ 35).  Yet, Defendants, in essence, treated Plaintiff *as if he had committed a crime.*

Instead of attempting to apprehend and arrest the person or persons who attacked and shot Plaintiff, Defendants, because of his prior lawsuit against the City, chose to viciously slur Plaintiff and brand *him* as set forth above.

Notably, Defendants never arrested Plaintiff or filed criminal charges against him for any of the alleged "crimes" described in the article which was published in *The Philadelphia Daily News.*

Defendants searched Plaintiff's residence on May 24, 2012 and seized various items of personal property.  However, the search of Plaintiff's residence was unlawful because the search warrant was issued *without probable cause.*  (Am. Compl., ¶ 183).

Defendants argue that the search of Plaintiff's residence was "legal" simply because the search warrant was "signed by the issuing authority."  (Exh C, pp. 15-16)  However, it is dispositive of the issue that Defendants have not produced a shred of evidence that would establish that the search warrant was issued *based upon a finding of probable cause.*  To the contrary, the "four corners" of the search warrant itself establishes beyond any doubt that it was issued without probable cause.

III.    STATEMENT OF QUESTIONS INVOLVED

1.     Question:  Should Defendants' Answer with Affirmative Defenses and those Portions of their Motion for Summary Judgment asserting said Affirmative Defenses be stricken?

PHDATA 4841940_1

Proposed Answer:  Yes.

IV.    LEGAL ARGUMENT

A.  The Filing Of The Answer Violated Rule 6(b) Of The Federal Rules of Civil Procedure.

Defendants' Answer must be stricken, *inter alia,* because Defendants did not file a motion seeking an extension of time to file same.

In this regard, Federal Rule of Civil Procedure 6(b)(1), requires that:

> (1) In General.  When an act may or must be done within a specified time, the court may, for good cause, or must extend the time:
>
> (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires, or
>
> (B) On motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R.Civ. P. 6(b)(1).

Once a deadline to act has expired (as has occurred in this case), leave to file late can be granted only "upon motion made."  *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871 (1990).  As the Third Circuit has observed, a court has no discretion to grant a post-deadline extension absent the filing of a motion and a showing of excusable neglect.  *Drippe v. Tobelinski*, 604 F. 3d 778 (3d. Cir. 2010).

In this case, Defendants filed no such motion and cannot now, on the eve of trial, make a plausible argument that its (extremely) lengthy delay in filing its Answer with Affirmative Defense is (legally) excusable.

Therefore, Defendants' Answer should be stricken in its entirety.

B.  The Statute of Limitations Is An Affirmative Defense Which Is Waived If Not Raised At The Pleading Stage.

PHDATA 4841940_1

It is axiomatic that the statute of limitations is an affirmative defense that is waived if it is not raised at the pleadings stage. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008).

Simply put, because Defendants did not timely assert a statute of limitations defense, they have waived said defense.

C.  Having Failed To Question The Timeliness of Plaintiff's State Law Claims In Successive Rule 12(b)(6) Motions, Defendants Are Foreclosed by Rule 12(g) From Doing So In Supplemental Motions and Briefs.

Defendants filed not one, but two, Rule 12(b)(6) motions. (ECF 3, 14). And, as noted above, oral argument was conducted with respect to the initial motion. Defendants did not raise the issue of the timeliness of Plaintiff's state law claims in either motion or during oral argument.

In this regard, Rule 12(g)(2) of the Federal Rules of Civil Procedure provides:

(g) **Joining Motions**

\* \* \*

(2) ***Limitation of Further Motions.*** Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under the rule raising defense or objection that was available to the party but omitted from its earlier motion.

Fed. R.Civ. P. 12(g)(2).

All of the affirmative defenses pled in Defendants' (untimely) Answer were obviously available to Defendants when they filed their initial Rule 12(b)(6) Motion but they were omitted therefrom. Moreover, said defenses were not raised in their second Rule 12(b)(6) Motion or during oral argument.

Accordingly, Defendants' failure to raise their affirmative defenses (other than for failure to state a claim) in their Rule 12(b)(6) Motions precludes them

PHDATA 4841940_1

from raising them now in yet another motion, *i.e.,* their Motion for Summary Judgment.

WHEREFORE, Plaintiff, Rodney Handy, Jr., respectfully requests that the Court enter an order striking Defendants' Answer with Affirmative Defenses, in its entirety, and further striking those portions of Defendants' Motion for Summary Judgment asserting said Affirmative Defenses.

Respectfully submitted,

_____
David B. Sherman, Esquire
Solomon, Sherman & Gabay
1628 JFK Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA  19103
(215)  665-1100

Counsel for Plaintiff, Rodney Handy, Jr.

Dated:   July 16, 2019

PHDATA 4841940_1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY HANDY, JR.,        :
                      :
               Plaintiff,     :
       vs.                       :       NO: 17-3107
                      :
LEELONI PALMIERO, et al.     :
                      :
               Defendants.    :       CIVIL ACTION

## CERTIFICATE OF SERVICE

I, David B. Sherman, Esquire, hereby certify that, on July 16, 2019, I caused true and correct copies of Plaintiff's Motion to Strike Defendants' answer with Affirmative Defenses and Those Portions of Their Motion for Summary Judgment Asserting Said Affirmative Defenses, and his Memorandum of Law in Support thereof, to be electronically filed with the Court.

                           _____
                           David B. Sherman, Esquire
                           Solomon, Sherman & Gabay
                           1628 JFK Boulevard
                           8 Penn Center, Suite 2200
                           Philadelphia, PA 19103
                           (215) 665-1100

                           Counsel for Plaintiff, Rodney Handy, Jr.