IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **RODNEY HANDY, JR.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 17-3107** |
| | : | |
| **LEELONI PALMIERO, et al.,** | : | |
| Defendants. | : | |
| | : | |

# ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Plaintiff's Motion to Strike and Defendants' Response in Opposition, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **RODNEY HANDY, JR.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 17-3107 |
| | : | |
| **LEELONI PALMIERO, et al.,** | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES AND PORTIONS OF MOTION FOR SUMMARY JUDGMENT ASSERTING AFFIRMATIVE DEFENSES

Plaintiff Rodney Handy, Jr., has filed a Motion to Strike Defendants' Answer with Affirmative Defenses, in its entirety, as well as any portions of Defendants' Motion for Summary Judgment asserting affirmative defenses. In his Motion, Plaintiff argues that Defendants' Answer, and any portions of their Motion for Summary Judgment asserting their affirmative defenses, should be stricken because the Answer was filed months after the Court decided Defendants' Motion to Dismiss. Plaintiff does not address how he was prejudiced by this delay. He only argues that the Answer was untimely, and therefore, should be stricken.

I.     **PROCEDURAL HISTORY**

Plaintiff initially filed suit in the Philadelphia Court of Common Pleas on May 22, 2017. *See* ECF Doc. 1. Defendants removed the case to the United States District Court for the Eastern District of Pennsylvania on July 12, 2017. *Id.* On August 21, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint and on September 5, 2017,

2

Plaintiff filed a Response in Opposition.  ECF Docs. 3, 4.  Oral argument on the motion was held on September 28, 2017.  ECF Doc. 10.  On October 17, 2017, the Court granted Defendants' Motion to Dismiss without prejudice and granted Plaintiff leave to file an Amended Complaint.   ECF Doc. 11.  On November 16, 2017, Plaintiff filed an Amended Complaint against Leeloni Palmiero, Sergeant Baldomero, Detective Robert Hagy, Detective Horger, Detective Sullivan, Commissioner Richard Ross, the City of Philadelphia Police Department, and the City of Philadelphia.  ECF Doc. 12.

On November 30, 2017, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint.  ECF Doc. 14.  On September 28, 2017, oral argument on the Motion was held.  Then, on September 28, 2018, the Court granted in part and denied in part Defendants' Motion to Dismiss.  ECF Docs. 17, 18.  The Court dismissed the City of Philadelphia and Commissioner Ross from the case, and dismissed several claims against the remaining defendants.  *Id.*  The remaining claims against Leeloni Palmiero, Sergeant Baldomero, Detective Robert Hagy, Detective Horger, Detective Sullivan were a search and seizure claim under the Fourth Amendment and state law claims of defamation, libel and slander.  ECF Doc. 17 at p. 17.

On July 2, 2019, Defendants filed their Answer with Affirmative Defenses to Plaintiff's Amended Complaint.  ECF Doc. 22.  Defendants also filed their Motion for Summary Judgment, asserting, among other arguments, that Plaintiff's state law claims were barred by the statute of limitations.  ECF Doc. 23.  On July 16, 2019, Plaintiff filed a Motion to Strike Defendants' Answer with Affirmative Defenses in its entirety, as well as any portions of Defendants' Motion for Summary Judgment asserting affirmative defenses.  ECF Doc. 24.

## II. ARGUMENT

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R .Civ. P. 12(f).  A party may file a motion to strike within twenty (20) days after being served with the pleading.  *Id.*  In order to prevail on a motion to strike "(1) the allegations must be clearly unrelated to the pleader's claims; and (2), the moving party must show how it will be prejudiced if the challenged allegations remain in the pleading." *Papacoda v. A.I. Dupont Hosp. for Children of the Nemours Found.*, No. CIV.A. 05-CV-3003, 2006 WL 1789077, at *6 (E.D. Pa. June 26, 2006).

"[S]triking a pleading is a 'drastic remedy' to be used sparingly." *BJ Energy, LLC v. PJM Interconnection*, LLC, Nos. 08–3649, 09–2864, 2010 WL 1491900, at *1 (E.D.Pa. Apr. 13, 2010) (quoting *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158–59 (E.D.Pa.1994)).  Thus, even though Rule 12(f) gives the court the power to grant a motion to strike, such motions "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 142–43 (E.D. Pa. 2011) (quoting *Wilson v. King*, No. 06–2608, 2010 WL 678102, at *2 (E.D.Pa. Feb. 24, 2010)).

In his Motion to Strike, Plaintiff fails to address how he is prejudiced by the filing of Defendants' Answer, or how he will be prejudiced if the Answer and Affirmative Defenses remain.  Plaintiff simply argues that the Answer is untimely and for that reason alone, it must be struck.  Significantly, however, Plaintiff has never moved for default judgment against Defendants for failure to file an Answer.  Instead, Plaintiff has engaged

4

in discovery with Defendants for months, even requesting and receiving two extensions of time for discovery.  Plaintiff makes no argument that an Answer filed months earlier would have altered the course of the litigation or changed any form of his litigation strategy.  He fails to address any of the substantive reasons for granting a motion to strike.  Indeed, he cannot make such an argument because Defendants' affirmative defenses do not prejudice Plaintiff.

In a factually similar case, *Wilson v. King*, 06-CV-2608, 2010 WL 678102 (E.D. Pa. Feb. 24, 2010), plaintiff moved to strike the defendants' answer to the complaint, filed ten months late, for untimeliness. *Id.* at *1. However, the plaintiff failed to demonstrate what prejudice he would suffer as a result of the defendants' late filing.  *Id.* at *4.  Significantly, the Court noted that even if plaintiff's motion was well-founded, "motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party."  *Id.* (internal citations omitted) (quoting *Mitchell v. First Cent. Bank, Inc.*, 2008 WL 4145449, at *2 (N.D.W.Va. Sept.8, 2008)). Furthermore, the Court explained that granting a motion to strike, would "contravene established policies disfavoring motions to strike ... and favoring the resolution of cases on their merits."  *Id.* at *3-4 (quoting *Canady v. Erbe Elektromedizin GMBH*, 307 F. Supp. 2d 2 (D.D.C. 2004)). The Court then denied plaintiff's motion on the grounds that the prejudicial effect (or lack thereof) on the plaintiff did not outweigh the Court's interest in deciding the case on the merits. *Id.*at *4.

Here, just as in *Wilson*, Plaintiff has failed to even argue how he was prejudiced by Defendants' filing.  Instead, Plaintiff simply asserts that the Answer was untimely.  Just as in *Wilson*, the Court should deny the Motion to Strike, and decide the case on the merits.

5

This is particularly true in this case, when the statute of limitations bars Plaintiff's state law claims, and Defendants have several meritorious arguments for dismissal of the remaining federal claim.[1]

Similarly, in *Grabenstein v. A.O. Smith Corp*., 11-CV-63929, 2012 WL 2849386, (E.D. Pa. Apr. 2, 2012), Defendant filed a Motion for Summary Judgment and in response, Plaintiff argued that all allegations in the Complaint should be deemed admitted because Defendant had failed to file an Answer in the matter. *Id.* at * 1. Defendant then filed an Answer and Plaintiff moved to strike Defendant's Answer. The Court, citing *Wilson* extensively, noted that Plaintiff had not identified any prejudice that she would suffer as a result of the Court's acceptance of a late Answer from Defendant. *Id.* Furthermore, the Court noted that "despite the fact that this case had been pending in federal court for over nine (9) months prior to [Defendant's] filing of the present motion for summary judgment, Plaintiff never sought a default judgment." *Id.* The Court further observed that during litigation, "Plaintiff requested and was granted a 60–day extension of the discovery deadline such that she could have sought additional discovery had she chosen to do so." *Id.* The Court then denied the Motion to Strike and granted Defendant's Motion for Summary Judgment. *Id.* In the instant case, just as in *Grabenstein*, Plaintiff has never moved for default judgment against Defendant. Furthermore, like the plaintiff in *Graberstein*,

---

[1] Even if the Court were to grant Plaintiff's Motion to Strike, Defendants should be permitted to file a Motion to File an Amended Answer and then resubmit their Motion for Summary Judgment. In *Reconstruction Fin. Corp. v. Aquadro*, 7 F.R.D. 406 (W.D. Pa. 1947), Defendant filed a Motion for Summary Judgment before filing an Answer to the Complaint. The Court then denied Defendant's Motion for Summary Judgment, without prejudice, and allowed Defendant to refile their Answer, followed by their Motion for Summary Judgment. *Id.* at 410.

Plaintiff requested, and was granted, two extensions of the discovery deadline, with no objection from defense counsel. For these additional reasons, the Court should deny Plaintiff's Motion to Strike, and decide this case on its merits.

## III. CONCLUSION

Plaintiff has failed to argue, let alone establish, how he is prejudiced by the filing of Defendants' Answer with Affirmative Defenses. Furthermore, Plaintiff has never moved for default judgment against Defendants and has received extensions of time to complete ample discovery in this case. Given the above and the relevant case law, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike Defendants' Answer with Affirmative Defenses, as well as any portions of Defendants' Motion for Summary Judgment asserting affirmative defenses.

Date: July 26, 2019                                       Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (phone)
215-683-5397 (fax)
shannon.zabel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY HANDY, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 17-3107** |
| : | |
| **LEELONI PALMIERO, et al.,** : | |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Response in Opposition to Plaintiff's Motion to Strike was filed via the Court's electronic filing system and is available for downloading by all parties of record.

Date: July 26, 2019                                     Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (phone)
215-683-5397 (fax)
shannon.zabel@phila.gov

8