IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY HANDY, JR.,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 17-3107 |
| : | |
| **LEELONI PALMIERO, et al.,** : | |
| Defendants. : | |

### DEFENDANT'S PRETRIAL MEMO

Defendants, Leeloni Palmiero, Sergeant Baldomero, Detective Hagy, Detective Horger and Detective Sullivan, by and through undersigned counsel, hereby submit the following pretrial memorandum in accordance with Local Rule 16(c) and this Court's policies and procedures:

1. **Jurisdiction**

Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. Plaintiff's claims arise under federal law.

2. **Brief Statement of Counter-Facts**

On May 23, 2015, Plaintiff, Rodney Handy, Jr., was involved in a shooting outside of Pasa La Hookah, a nightclub.  Police responding to the scene found Plaintiff on 1500 Knorr Street in his car, a 2003 white Toyota Avalon, with a gunshot wound to his left foot.  Plaintiff had also sustained injuries consistent with being in a fight. Responding police officers described Plaintiff as uncooperative when they tried to speak with him and said he refused to give them any further information when asked.

Six .40 caliber fired cartridge casings ("FCCs") were recovered in the middle of the street in front of the nightclub.  When he was interviewed by Detective John Palmiero, Plaintiff admitted

1

to owning a .40 caliber Walther gun. Detective Palmiero asked Plaintiff if he had any weapons in his car, and Plaintiff responded, "Not that I know of." Plaintiff also told Detective Palmiero that his gun was at his house. While interviewing Plaintiff, Detective Palmiero found Plaintiff's demeanor to be uncooperative due to his one-word answers and inability to remember anything of substance about the fight. Given his experience as a detective for fourteen years, Detective Palmiero did not believe Plaintiff was telling the truth in his interview about his inability to remember what had happened.

Given the above, Detective Palmiero swore affidavits of probable cause for the search warrant applications for Plaintiff's car and house. He did so in order to ascertain whether Plaintiff had weapons that were used in the shooting. An ADA reviewed and approved both affidavits of probable cause prior to their submission to magistrate judges.

On May 23, 2015, Magistrate Judge Devlin, found that probable cause existed to search Plaintiff's car and signed the search warrant. On May 24, 2015, a magistrate judge, presumed to be Magistrate Judge Bedford, found that probable cause existed to search Plaintiff's house and signed the search warrant. The affidavit of probable cause that Detective Palmiero submitted with the search warrant for the house was "almost identical to" the previously submitted affidavit of probable cause for the car search warrant "with the exception of the area to be searched."

On May 24, 2015, Detective Palmiero and Sergeant Baldomero, along with two police officers as back-up, executed the search warrant at Plaintiff's house. At the time, Plaintiff lived with his mother and sister, and was not present at the house when the search warrant was executed. Plaintiff admitted that when police arrived at the residence, his mother "allowed them to search the house." Of the Defendants, only Detective Palmiero and Sergeant Baldomero were involved in the search of Plaintiff's house. Police recovered Plaintiff's .40 caliber Walther gun, two .40 caliber

magazines, a box of .40 caliber rounds and two bullet proof vests. The gun was not the gun used in the shooting, and police never arrested Plaintiff for any crimes. The sole constitutional claim in this case is that Plaintiff's residence was illegally searched.

On or around May 26, 2015, an article was published in the Philadelphia Daily News about the shooting that occurred near Pasa La Hookah Lounge and Plaintiff's alleged involvement. Detective Palmiero and Sergeant Baldomero deny ever speaking with a news organization about this incident. Plaintiff brings a defamation claim, alleging that Defendants defamed him by speaking with a journalist about Plaintiff and the shooting.

### 3. Damages

Defendants deny that they are liable for Plaintiff's damages. Plaintiff asserts that he suffered emotional harm. There is no evidence of monetary damages.

### 4. Witness List

1. Plaintiff Rodney Handy, Jr.
2. Detective John Palmiero
3. Sergeant Urbirajara Baldomero
4. Detective Robert Hagy
5. Detective Edward Horger
6. Detective Sullivan
7. Police Officer Henry Schoch
8. Police Officer Joseph Sugar
9. Deanna Handy

5. **Exhibit List**

   1. All police paperwork produced, Bates labeled Handy1-Handy89, including, but not limited to:
      - 75-48s
      - Interviews with witnesses
      - Property receipts
      - Affidavits of probable cause
      - Signed Search Warrants for Plaintiff's car, house and 911 calls
      - Photographs of scene of shooting
      - Photographs of searches and items seized in searches
      - CAD
   2. Video of shooting
   3. Daily News Article by Regina Medina about shooting
   4. Plaintiff's Complaint
   5. Plaintiff's Deposition
   6. Plaintiff's Responses to Defendants' discovery requests
   7. Detective Palmiero's Deposition
   8. Sergeant Baldomero's Deposition

Defendants reserve the right to use any and all previously recorded testimony from any witnesses presented by parties. Further, Defendants reserve the right to use exhibits identified by Plaintiff in his pretrial memorandum.

6. **Estimated Days for Trial**

Defendants estimate two to three days for trial, in addition to jury selection.

7. **Legal Issues**

Defendants have a pending Motion for Summary Judgment, as well as a Motion in Limine. Plaintiff has filed a Response in Opposition to Defendants' Summary Judgment Motion and Defendants have filed a Reply in Support. Plaintiff has filed a Motion to Strike Defendants' Answer with Affirmative Defenses and any portion of Defendants' Motion for Summary Judgment

which mentions their affirmative defenses.  Defendants have filed a Response in Opposition to Plaintiff's Motion to Strike.

                                         Respectfully submitted,

                                         */s/ Shannon Zabel*
                                         Shannon Zabel
                                         Assistant City Solicitor
                                         Attorney Identification No. 321222
                                         City of Philadelphia Law Department
                                         1515 Arch Street, 14th Floor
                                         Philadelphia, PA 19102
                                         (215) 683-5114
Dated:  August 5, 2019                    shannon.zabel@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY HANDY, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 17-3107 |
| : | |
| **LEELONI PALMIERO, et al.,** : | |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Pretrial Memorandum was filed via the Court's electronic filing system and is available for downloading by all parties of record.

                                                    */s/ Shannon Zabel*
                                                    Shannon Zabel
                                                    Assistant City Solicitor
                                                    Attorney Identification No. 321222
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102
                                                    (215) 683-5114
Dated:  August 5, 2019                  shannon.zabel@phila.gov