# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HANDY, JR., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION |
| LEELONI PALMIERO, individually, | : | |
| SGT. BALDOMERO, individually, | : | |
| DETECTIVE ROBERT HAGY, individually, | : | |
| DETECTIVE HORGER, individually, | : | |
| DETECTIVE SULLIVAN, individually, | : | |
| DOES 1-10, in their individual capacities, | : | |
| RICHARD ROSS, in his official capacity, | : | |
| CITY OF PHILADELPHIA POLICE | : | |
| DEPARTMENT, and, THE CITY and | : | |
| COUNTY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | NO: 17-3107 |

_____

## ORDER

AND NOW, this                    , day of                    , 2019, upon

consideration of the Defendants' Motion in Limine and Plaintiff's response thereto, it is hereby

ORDERED and DECREED that said Motion is hereby DENIED.

BY THE COURT:

_____

                                                                                      J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HANDY, JR., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| vs. | : | |
| | : | CIVIL ACTION |
| LEELONI PALMIERO, individually, | : | |
| SGT. BALDOMERO, individually, | : | |
| DETECTIVE ROBERT HAGY, individually, | : | |
| DETECTIVE HORGER, individually, | : | |
| DETECTIVE SULLIVAN, individually, | : | |
| DOES 1-10, in their individual capacities, | : | |
| RICHARD ROSS, in his official capacity, | : | |
| CITY OF PHILADELPHIA POLICE | : | |
| DEPARTMENT, and, THE CITY and | : | |
| COUNTY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | NO:  17-3107 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE

Plaintiff, Rodney Handy, Jr., hereby files his response to Defendants' Motion in Limine.

In support of his Response, Plaintiff incorporates by reference the attached Memorandum of

Law.  Plaintiff respectfully requests that the Court deny Defendants' Motion.

Respectfully submitted,

_____
David B. Sherman, Esquire
SOLOMON, SHERMAN & GABAY
8 Penn Center, Suite 2200
1628 JFK Boulevard
Philadelphia, PA  19103
(215)  665-1100

Attorney for Plaintiff, Rodney Handy, Jr.

Dated:  August 6, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY HANDY, JR., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION |
| LEELONI PALMIERO, individually, | : | |
| SGT. BALDOMERO, individually, | : | |
| DETECTIVE ROBERT HAGY, individually, | : | |
| DETECTIVE HORGER, individually, | : | |
| DETECTIVE SULLIVAN, individually, | : | |
| DOES 1-10, in their individual capacities, | : | |
| RICHARD ROSS, in his official capacity, | : | |
| CITY OF PHILADELPHIA POLICE | : | |
| DEPARTMENT, and, THE CITY and | : | |
| COUNTY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | NO: 17-3107 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE TO DEFENDANTS' MOTION IN LIMINE

Plaintiff, Rodney Handy, Jr., by and through his undersigned attorneys, Solomon, Sherman and Gabay, hereby submits this Memorandum of Law in support of his Response to Defendants' Motion in Limine.

The present case arises out of an improper and baseless search and seizure at Plaintiff's home, the particulars of which have been outlined in various summary judgment motions and responses thereto.

Essentially, Plaintiff contends that the Defendants had absolutely no basis to obtain a search warrant, and as a result of this illegal search, Plaintiff was caused to suffer emotional distress, embarrassment and humiliation.

Plaintiff does intend to introduce the prior lawsuit since it is Plaintiff's contention, and always has been, that the present police officers were well aware of the surrounding circumstances of Plaintiff's claim in 2012.  In fact, that incident involved a major investigation and "shakeup" in the Police Department  since Plaintiff's grandfather was a well-known police captain and various police officers were involved in an alleged cover up involving improper police conduct and Plaintiff's arrest at that time.  The City acknowledged wrongdoing by paying a substantial claim as a result of Plaintiff being improperly tasered which was the specific subject matter of the lawsuit at question.  Plaintiff procured some evidence that the Defendants in this case had heard of some of the parties involved in that incident and may have more information in that regard since it was such a substantial investigation involving police misconduct.

Defendants' contention that the prior incident is irrelevant fails under Rule 401.  If a jury determines that the Defendants' motivation occurred as a result of retaliation and revenge, then certainly, the improper and illegal search that occurred at Plaintiff's home is a viable issue in this case.  In fact, that issue would provide the motivation on the part of these Defendants to unduly harass by illegally searching the Plaintiff's home without any substantial facts or evidence.  The conduct of the officers at the scene regarding their failed investigation as to any involvement or wrongdoing on the part of Plaintiff, in and of itself is sufficient to establish potential motivation as a result of the prior incident.  The fact that the instant action involves improper search and seizure and the prior lawsuit focused on excessive force is further evidence of potential motivation in regards to the police officers' misconduct in the present case.  In particular, a jury should have an opportunity to determine whether they believe if these particular officers involved had a motivation for revenge as a result of the 2012 lawsuit.  Defendants have failed to

explain that the 2012 lawsuit resulted in the discipline of colleagues and members of the police force which had to be well known to these Defendants.

Based upon the foregoing, it is Plaintiff's request that this Honorable Court allow a jury to determine the relevance of the prior lawsuit.

WHEREFORE, Plaintiff, Rodney Handy, Jr. respectfully requests that the Court deny Defendants' Motion in Limine.

Respectfully submitted,

David B. Sherman, Esquire
Solomon, Sherman & Gabay
1628 JFK Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA  19103
(215)  665-1100

Counsel for Plaintiff, Rodney Handy, Jr.

Dated:   August 6, 2019

3